ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JUANA RIVERA FUERTES<br><br>Apelante<br><br>v.<br><br>MIGUEL ÁNGEL RIVERA FUERTES, JUAN RIVERA FUERTES, JOSÉ L. RIVERA FUERTES, LYDIA MAGALI PÉREZ RIVERA, FÉLIX ORLANDO PÉREZ RIVERA, ALEX ALBERTO PÉREZ RIVERA, FÉLIX PÉREZ AGOSTO, OLGA I. RIVERA FUERTES, ISABEL RIVERA FUERTES, CARMEN L. RIVERA FUERTES, EVELYN RIVERA FUERTES, ROBERTO AYALA RIVERA, LUIS ROBERTOAYALA RIVERA, LUIS DANIEL AYALA RIVERA, MIGDALIA RIVERA BERBERENA, NOEMÍ RIVERA BERBERENA, IDA RIVERA BERBERENA, FERNANDO RIVERA BERBERENA, ARMANDO RIVERA BERBERENA, CHRISTIAN RIVERA BERBERENA, ROSA BERBERENA<br><br>Apelada | KLAN202500523 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00914<br><br>Sala: 205<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Grana Martinez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Díaz Rivera, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de agosto de 2025.

La apelante, Juana Rivera Fuertes (señora Rivera), solicita que revoquemos la *Sentencia* en la que el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario) desestimó la *Demanda* de sentencia declaratoria por falta de parte indispensable.

# I.

El 25 de junio de 2024, la parte apelante presentó una *Demanda* sobre sentencia declaratoria contra Miguel Ángel Rivera Fuertes, Juan Rivera Fuertes, José L. Rivera Fuertes, Lydia Magali Pérez Rivera, Félix Orlando Pérez Rivera, Alex Alberto Pérez Rivera, Félix Pérez Agosto, Olga I. Rivera Fuertes, Isabel Rivera Fuertes, Carmen L. Rivera Fuertes, Evelyn Rivera Fuertes, Roberto Ayala Rivera, Luis Roberto Ayala Rivera, Luis Daniel Ayala Rivera, Migdalia Rivera Berberena, Noemí Rivera Berberena, Ida Rivera Berberena, Fernando Rivera Berberena, Armando Rivera Berberena, Christian Rivera Berberena, y Rosa Berberena.

En síntesis, la apelante alegó que el 10 de abril de 1980 adquirió la propiedad sita en el L-3 de la calle núm. 1 de la Urbanización Villa Humacao en Humacao. Sin embargo, sostuvo que al no tener experiencia de crédito le fue requerido que, para propósitos del financiamiento de crédito, sus padres, Dionisio Rivera Gabriel y Otilia Fuertes Muriel, también comparecieran como compradores. No obstante, arguyó que es la dueña de la propiedad en cuestión.

Así las cosas, el 26 de junio de 2024, se expidieron los emplazamientos de cada codemandado antes mencionado. Luego, el 27 de junio de 2024, la apelante solicitó el emplazamiento por edicto de Miguel Ángel Rivera Fuertes, Lydia Magali Pérez Rivera, Félix Orlando Pérez Rivera, Alex Alberto Pérez Rivera, Migdalia Rivera Berberena, Judy Rivera Berberena, Noemí Rivera Berberena, Ida Rivera Berberena, Fernando Rivera Berberena, Armando Rivera Berberena, Christian Rivera Berberena y Rosa Berberena, por residir estos en Estados Unidos. El 22 de julio de 2024, se emitió el emplazamiento por edicto para los referidos codemandados. Posteriormente, el 11 de septiembre de 2024, la señora Rivera

informó que diligenció positivamente el emplazamiento en cuanto a ciertos codemandados.

En cuanto a Félix Pérez Agosto, Olga Iris Rivera Fuertes, Luis Roberto Ayala Rivera, Luis Daniel Ayala Rivera y Roberto Ayala Rivera, la apelante solicitó la expedición de emplazamientos por edicto, ya que según alegó no pudieron diligenciarse los emplazamientos de forma personal. No obstante, el TPI mediante *Orden* notificada el 20 de septiembre de 2024, denegó la expedición de emplazamientos por edicto, en atención a que la declaración jurada del emplazador incumplía con las exigencias de la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V. Ante ello, se le concedió a la apelante un término de veinte (20) días para presentar una declaración jurada en cumplimiento con la regla antes citada. No obstante, la señora Rivera no cumplió con lo anterior o llevó a cabo gestión alguna en torno al emplazamiento por edicto para Félix Pérez Agosto, Olga Iris Rivera Fuertes, Luis Roberto Ayala Rivera, Luis Daniel Ayala Rivera y Roberto Ayala Rivera.

El 28 de febrero de 2025, transcurridos más de cinco (5) meses desde la *Orden* de 20 de septiembre de 2024, se le ordenó a la señora Santiago acreditar el curso a seguir en cuanto a los codemandados Félix Pérez Agosto, Olga Iris Rivera Fuertes, Luis Roberto Ayala Rivera, Luis Daniel Ayala Rivera y Roberto Ayala Rivera, ya que no se acreditó la procedencia del emplazamiento por edicto o el diligenciamiento de los emplazamientos expedidos el 26 de junio de 2024, dentro del término establecido por la Regla 4.6 de Procedimiento Civil, *supra*. En cumplimiento con dicha orden, la apelante presentó moción en la que solicitó que se expida el emplazamiento por edicto para Félix Pérez Agosto, Olga Iris Rivera Fuertes, Luis Roberto Ayala Rivera, Luis Daniel Ayala Rivera y Roberto Ayala Rivera. Cabe destacar que, sometió la misma declaración jurada que presentó anteriormente y que incumplía con la Regla 4.6 de Procedimiento Civil, *supra*, según resuelto por el TPI mediante la *Orden* notificada el 20 de septiembre de 2024. Solicitó,

además, la expedición de nuevos emplazamientos por edicto de los codemandados que residen en Estados Unidos, ya que alegó que, debido a un error y el cúmulo de trabajo, los emplazamientos expedidos el 22 de julio de 2024 no fueron publicados.

Finalmente, el 14 de abril de 2025, notificada el 15 de abril de 2025, el TPI dictó la *Sentencia* aquí apelada. Mediante el referido dictamen, el foro primario desestimó sin perjuicio la *Demanda* de epígrafe. En síntesis, el TPI concluyó que los emplazamientos de los miembros de la Sucesión de Dionisio Rivera Gabriel y Otilia Fuertes Muriel no fueron diligenciados dentro del término establecido en la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V. No habiéndose emplazado a partes indispensables en el pleito, el referido foro determinó que procedía la desestimación de la *Demanda.* En específico, en el pleito quedaron diecisiete (17) codemandados por emplazar.

En desacuerdo, el 25 de abril de 2025 la apelante solicitó oportunamente la reconsideración parcial de la *Sentencia.* Allí, sostuvo que el TPI debió desestimar la *Demanda* únicamente para los codemandados cuyos emplazamientos no fueron diligenciados. En la alternativa, indicó que se levante la desestimación de los codemandados emplazados y se emita sentencia en rebeldía declarando que estos no son propietarios de la antes dicha propiedad. No obstante, el 25 de abril de 2025, notificada el 9 de mayo de 2025, el foro de instancia declaró *No Ha Lugar* la solicitud de reconsideración, ya que resultaría improcedente la continuación del pleito en ausencia de parte indispensable para la adjudicación de la controversia.

Inconforme aún, el 9 de junio de 2025, la apelante compareció ante *nos* mediante un recurso de apelación y alegó la comisión de los siguientes errores:

**Primero:** Archivar sin perjuicio el caso en lo que respecta a los apelados ya que el TPI sí tenía jurisdicción sobre la persona de éstos y procesalmente se les había anotado la rebeldía porque nunca comparecieron.

**Segundo:** Determinar que es improcedente la continuación de este pleito contra los apelados por ausencia de parte indispensable.

El 17 de junio de 2025, este Tribunal le concedió un término de veinte (20) días a la parte apelada para presentar su alegato en oposición. No obstante, transcurrido el término dispuesto, no presentó dicho recurso.

**II.**

## A. El emplazamiento

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021). Así, el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Íd.* De esta forma, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014). Por esto, a los demandados les asiste el derecho de ser emplazados conforme a derecho. *Pérez Quiles v. Santiago Cintrón, supra.*

En lo pertinente, la Regla 4.3(c) de Procedimiento Civil, *supra*, dispone lo siguiente:

El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o la Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna la solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Así pues, el término de ciento veinte (120) días para emplazar comienza a transcurrir únicamente en el momento que la Secretaria del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante. *Pérez Quiles v. Santiago Cintrón, supra.* Este término es improrrogable y, consecuentemente, si en ciento veinte (120) días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción. *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018). Asimismo, nuestro máximo Foro local ha establecido que:

> [L]a mal denominada prórroga estatuida en [la Regla 4.3 (c), *supra,*] es realmente una solicitud [por parte] del demandante para que la Secretaria expida los emplazamientos *en los casos en que exista un retraso irrazonable* en la expedición de estos. Lo anterior, con el propósito de que el demandante advierta al tribunal de tal retraso y evidencie que no se cruzó de brazos. (Énfasis suplido). *Pérez Quiles v. Santiago Cintrón, supra,* pág. 386 (*citando a Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982 (2020)).

Como sabemos, la norma general es que la parte demandada debe ser emplazada personalmente y, como excepción, se permite el emplazamiento por edicto. Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil,* marzo 2008, pág. 48. A esos efectos, la Regla 4.6 de Procedimiento Civil, *supra,* gobierna todo lo relacionado al emplazamiento por edictos y su publicación. Mediante la aludida Regla, se autoriza al Tribunal, en determinadas circunstancias, a dictar una *Orden* para disponer que el emplazamiento se haga por un edicto. Para que un tribunal permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido – y lógicamente tener el juez ante sí – una declaración jurada con la expresión de las diligencias ya efectuadas. *Sánchez Ruiz v. Higuera Pérez et al., supra.*

La declaración jurada que acredita las diligencias realizadas para citar a un demandado personalmente debe expresar hechos

específicos y no meras conclusiones o generalidades. *Sánchez Ruiz v. Higuera Pérez et al, supra.* De este modo, se deben incluir las personas con quienes se investigó y su dirección. *Íd.* Véase, además, *Lanzo Llanos v. Banco de la Vivienda*, 133 DPR 507 (1993). Además, es una buena práctica inquirir de las autoridades de la comunidad, la policía, el alcalde, el administrador de correos, quienes son las personas que con mayor certeza conocen la residencia o el paradero de las personas que viven en la comunidad. *Sánchez Ruiz v. Higuera Pérez et al, supra.*

Efectuado el emplazamiento, se debe presentar ante el Tribunal de Primera Instancia la constancia del diligenciamiento dentro del término establecido en ley. Regla 4.7 de Procedimiento Civil, 32 LPRA Ap. V. Cuando el emplazamiento se hace por edicto, "se probará su publicación mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda." *Íd.*

### B. Parte indispensable

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone lo atinente a la acumulación de una parte indispensable. En específico, la citada regla establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada".

Cónsono con lo anterior, una parte indispensable se ha definido como:

> [a]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. (Énfasis nuestro). *Cirino González v. Adm. Corrección et al., supra,* pág. 46.

En esencia, la referida Regla pretende: (i) proteger las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (ii) emitir una determinación completa; y (iii) evitar la multiplicidad de pleitos. *Cirino González v. Adm. Corrección et al., supra*; *Rodríguez Rodríguez v. Moreno Rodríguez,* 135 DPR 623 (1994).

Dado a la importancia de una parte indispensable, el hecho de no acumularla podría conllevar la desestimación del pleito. *Cirino González v. Adm. Corrección et al., supra.* Ahora bien, no significa que se desestimará la causa de acción automáticamente. Ante esa circunstancia, el tribunal puede brindarle la oportunidad a una parte de traer a la parte omitida, siempre que pueda asumir jurisdicción sobre ésta. *Íd.* La falta de parte indispensable en un pleito es una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso. *Watchtower Bible v. Mun. De Dorado,* 192 DPR 73 (2014); *Unisys v. Ramallo,* 128 DPR 842 (1991). Asimismo, los foros apelativos, deben levantar a instancia propia la falta de parte indispensable, debido a que esta incide sobre la jurisdicción del tribunal. *Íd.*

En fin, lo verdaderamente trascendental es que la ausencia de una parte indispensable priva de jurisdicción al tribunal. *García Colón et al. v. Sucn. González,* 178 DPR 527 (2010). Como corolario, "la sentencia que se emita en ausencia de parte indispensable es nula". *Íd.*

**III.**

En el caso ante *nos,* la parte apelante sostiene que erró el TPI al desestimar sin perjuicio la *Demanda* de epígrafe por falta de parte indispensable. Asimismo, aduce que el foro primario incidió al no continuar con el pleito, cuando había adquirido jurisdicción sobre cinco (5) miembros de la Sucesión de Dionisio Rivera Gabriel y Otilia Fuertes Muriel.

Surge del expediente ante nuestra consideración que, no se expidieron los emplazamientos por edicto de Félix Pérez Agosto, Olga Iris Rivera Fuertes, Luis Roberto Ayala Rivera, Luis Daniel Ayala Rivera y Roberto Ayala Rivera en incumplimiento con la Regla 4.6 de Procedimiento Civil, *supra.* Pese a que la apelante tuvo oportunidad, no presentó moción de reconsideración ni subsanó la deficiencia señalada por el TPI en el término concedido. No es sino hasta más de cinco (5) meses después, que la apelante toma acción al respecto.

Por otra parte, en cuanto a los emplazamientos por edicto de los codemandados que viven en Estados Unidos, Miguel Ángel Rivera Fuertes, Lydia Magali Pérez Rivera, Félix Orlando Pérez Rivera, Alex Alberto Pérez Rivera, Migdalia Rivera Berberena, Judy Rivera Berberena, Noemí Rivera Berberena, Ida Rivera Berberena, Fernando Rivera Berberena, Armando Rivera Berberena, Christian Rivera Berberena, y Rosa Berberena, aunque fue debidamente emitido el 22 de julio de 2024, no los publicó dentro del término de ciento veinte (120) días según lo establece la Regla 4.6 de Procedimiento Civil, *supra.* De modo que, el TPI denegó la expedición de los emplazamientos antes señalados y, en consecuencia, desestimó la *Demanda* de epígrafe.

Ahora bien, la señora Rivera alega que no procedía la desestimación para cinco (5) codemandados que emplazó correctamente, ya que el foro primario adquirió jurisdicción. Más bien, a su entender el foro primario correctamente anotó la rebeldía de estos, pero, además, debía permitir una vez más traer a las partes ausentes –que no fueron emplazadas correctamente– en el transcurso del pleito.

Según se expuso, el TPI le concedió en más de una ocasión la oportunidad de emplazar a todas las partes correctamente. Inclusive, se le apercibió de que la declaración jurada no cumplía con la Regla 4.6 de Procedimiento Civil, *supra,* para emplazar por edicto. Además, la apelante solicitó prórroga para modificar la

declaración jurada y el referido foro se la concedió. Ante ello, la apelante expidió nuevamente los emplazamientos por edicto, pero no lo hizo en un periódico de circulación general, en incumplimiento con la Regla 4.6 de Procedimiento Civil, *supra.* Igualmente, el emplazamiento por edicto de los codemandados que residen en Estados Unidos fue emitido el 22 de julio de 2024, pero no lo publicó en el término de ciento veinte (120) días. Por ende, el TPI actuó correctamente, ya que dicho término es improrrogable y su incumplimiento conlleva la desestimación.

El incumplimiento de la señora Rivera no puede ser subsanado con un segundo emplazamiento de los codemandados en el transcurso del pleito. El resolver de otra forma, sería crear un subterfugio a las Reglas de Procedimiento Civil, que permitiría emplazar por segunda vez dentro de un mismo pleito. Así pues, los codemandados que no pudieron ser emplazados porque se venció el término dispuesto para ello, no pueden ser traídos a ese mismo pleito. Además, a estos ser partes indispensables, lo que procede es la desestimación de la demanda.

Por tanto, la regla es clara cuando establece que transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Regla 4.3 de Procedimiento Civil, *supra.* Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Por último, en un caso de sentencia declaratoria para que la apelante se declare la única titular de la propiedad, no hay duda de que los herederos que no fueron emplazados son parte indispensable en el pleito. Pues, sin la presencia de estos, las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían afectados por la determinación judicial

que en su día se emita. Por tal razón, concluimos que, ante el incumplimiento de la apelante con emplazar a partes indispensables, procedía la desestimación y archivo sin perjuicio de la demanda como correctamente resolvió el foro primario.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones